**In re James and Marina B. SOLANO.**

**Bankruptcy No. 94–50238 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

April 30, 1999.

Thomas W. Byarlay, Little Rock, AR, for plaintiff.

### *ORDER DENYING MOTION FOR DISCHARGE*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a document entitled "Motion for Discharge

---

of Chapter 13 Bankruptcy," filed on April 20, 1999. The motion sets forth three paragraphs which establish only that the debtors filed a bankruptcy case 36 months ago, that they have only unsecured creditors remaining, and that the unsecured creditors have been paid more than they would receive in a chapter 7 liquidation. Upon these facts, the debtors request a discharge.

There are several possible conclusions to a chapter 13 case. It may be dismissed, either voluntarily or by the Court, *see* 11 U.S.C.§ 1307, in which case the debtor does not receive a discharge and the creditors proceed as if the case were never filed. Alternatively, the chapter 13 case may be converted to either chapter 7, 11 or 12 if the debtor is eligible to be a debtor under one of those chapters. *See* 11 U.S.C. § 1307.

To reach the ultimate goal of discharge, however, a debtor must comply with section 1328 of the Bankruptcy Code.[1] Specifically, a discharge is obtained "after completion of all payments under the plan." If the debtor has complied with the Code and the requirements of the plan, there is no requirement of notice and hearing for entry of discharge. A debtor who has not complied with all of the terms of the plan may seek a "hardship discharge" under section 1328(b). Under this alternative, after notice to all creditors and opportunity for a hearing, the debtor may obtain a discharge upon a showing of three separate facts:

The debtor's failure to complete payments under the plan is due to circumstances for which the debtor should not justly be held accountable;

The value distributed under the plan of each unsecured claim is not less than the creditor would have been paid under chapter 7; *and*

A modification of the plan is not practicable.

11 U.S.C. § 1328(b). The hardship discharge is more limited in nature than the "superdischarge" accorded under section 1328(a). *See* 11 U.S.C. § 1328(c). Thus, in order to obtain a discharge under chapter 13, a debtor must either complete all payments under the plan or, after notice and hearing, demonstrate all of the elements of proof set forth in section 1328(b).

This bankruptcy case was filed on May 17, 1994, and the plan was filed at the time of the petition. The plan, confirmed on July 13, 1994, required debtors to pay $50 each month to the trustee for a period of 36 months. Unsecured creditors were to be paid a pro rata distribution from the payments after payments to secured creditors and administrative expenses. Seven modifications were subsequently filed. The last three modifications each sought to add creditors.[2] On January 14, 1999, the trustee filed a Motion to Dismiss because, based upon the claims filed and allowed, the scheduled payments, and the payments actually made, the debtors would be unable to complete their plan within the 60 months required by the Bankruptcy Code. Hearing on the motion was scheduled for, held and concluded on March 2, 1999. The trustee and the debtors settled the motion,

1. Section 1328 also permits waiver of discharge. 11 U.S.C. § 1328(a).

2. In general, the "modifications" did not fully comport with the requirements of the Code. They were not even styled as modifications to the plan but were merely titled, "Addition of Creditors," and listed new unsecured creditors. It is questionable whether the notice together with the "addition of creditors" provides sufficient notice of the proposed modification to the plan since it may not adequately give notice to all creditors because their claims may be diluted or delayed by the modi-

fication. *In re Bagby*, 218 B.R. 878 (Bankr. W.D.Tenn.1998). The documents were appended to a notice to all creditors, however, as a modification of the plan and thus were treated by the clerk and the chapter 13 trustee as post confirmation modifications to the plan. It was not until the third of these modifications that the debtor provided that unsecured creditors added subsequent to the filing of the petition would be treated as prepetition creditors and paid a pro rata share of the plan payments.

the trustee agreeing to withdraw the motion to dismiss upon the condition that "The debtor shall, on or before April 2, 1999, *modify the plan* to allow the case to be completed & closed." (Emphasis added.) It was not until April 20, 1999, that the debtor filed the instant "Motion for discharge of Chapter 13 Bankruptcy."

The agreement of the parties required the debtors to file a modification of the chapter 13 plan in order to bring the plan into a position where the debtors could complete the case. Absent this modification, the case will have to be dismissed for lack of jurisdiction because the debtors have failed to complete their case within the time limits of the Bankruptcy Code. Postconfirmation modification is governed by section 1329. The court may, after confirmation, permit modification to increase or reduce payments and extend or reduce the time for payments. If no objection is filed to the proposed modification, it becomes the plan. If an objection is filed, subsection (b) provides for a hearing. Rule 3015(g) governs postconfirmation modification and requires that all creditors receive "not less than 20 days notice" of a time for filing objections. *Accord* Fed.R.Bankr.P.2002(a)(5) (requiring not less than 20 days notice of the time to accept or reject a proposed modification of a plan).

The debtors failed to comply with the Order memorializing the agreement in two respects. First, the motion is untimely as it was filed nearly three weeks beyond the agreed and Ordered time.[3] Second, the agreement and Order required the debtors to file a *modification* of the plan. The debtors merely filed a "motion for a discharge" (a request for which, as discussed above, there is no authority) and failed to give notice to *any* creditors. If the debtors seek a discharge in this case, they must comply not only with the Orders of this Court, but with the requirements of the Bankruptcy Code. In order to obtain a discharge under section 1328(a), they must file a modification of the plan, the terms of which will allow them to complete the case within the required 60 months. They must also notice this modification to the creditors, giving them 20 days to object. After modification and compliance with the terms of the modification, their discharge may be granted. Alternatively, they may seek a discharge under section 1328(b), the hardship discharge by moving for that relief, noticing all creditors with the motion, and making the appropriate showing under the Code. Until the requirements of the statute are met, the debtors are not entitled to a discharge. If the debtors fail to timely take the appropriate action, the case must be dismissed for lack of jurisdiction. Based upon the foregoing, it is

**ORDERED** that the "Motion for Discharge of Chapter 13 Bankruptcy" filed on April 20, 1999, is DENIED. The debtors may, within eight (8) days of entry of this Order file and properly notice to all creditors either a motion for hardship discharge under section 1328(b) or modification of the plan pursuant to section 1329. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN DISMISSAL OF THE CASE WITHOUT FURTHER NOTICE OR HEARING.

**IT IS SO ORDERED.**

---

**3.** Further, the debtors were given notice of the issue in January 1999, when the trustee filed the motion to dismiss.